(V. D. 90)

SCHNEIDER BROS. & CO., INC. *v.* UNITED STATES

Entry No. WHB 77999.

(Decided November 10, 1958)

*Siegel, Mandell & Davidson* for the plaintiff.
*George Cochran Doub,* Assistant Attorney General, for the defendant.

OLIVER, Chief Judge: This matter is before me on remand from classification proceedings decided by the first division of this court in *Schneider Bros. & Co., Inc.* v. *United States,* 39 Cust. Ct. 515, Abstract 61388, and it has been submitted for decision on a written stipulation reading as follows:

IT IS HEREBY STIPULATED AND AGREED between counsel for the plaintiff and the Assistant Attorney General for the United States, subject to the approval of the Court, relative to the merchandise covered by the remand of the Court under *Schneider Bros. & Co.* v. *United States* reported in Abstract 61388, decided December 5, 1957:

1. That the merchandise consists of microscopes in wooden boxes exported from Japan.

2. That on or about the date of exportation such or similar merchandise was freely offered for sale for exportation to the United States in the principal market of Japan in the usual wholesale quantities and in the ordinary course of trade, packed ready for shipment to the United States at the prices stated in United States currency in Column "A" of the schedule attached hereto and made a part hereof.

3. That on or about the date of exportation such or similar wooden cases of said microscopes were freely offered for sale for exportation to the United States in the principal market of Japan in the usual wholesale quantities and in the ordinary course of trade, packed ready for shipment to the United States at the prices stated in United States currency in Column "B" of the schedule attached hereto and made a part hereof.

4. That on or about the date of exportation said microscopes and wooden cases were freely offered for sale for home consumption in Japan at no higher prices.

On the agreed facts, I find export value, as that value is defined in section 402 (d) of the Tariff Act of 1930, to be the proper basis for appraisement of the merchandise in question, and I hold such dutiable value for each of the articles to be as set forth in columns "A" and "B" of the schedule attached hereto and made a part hereof. Judgment will be rendered accordingly.